# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| JAMES GATES, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 18-2388-JDT-cgc |
| CORECIVIC, ET AL., | ) ) ) | |
| Defendants. | ) | |

## ORDER TO MODIFY THE DOCKET, DISMISSING AMENDED COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On June 21, 2019, this Court dismissed Plaintiff James Gates's *pro se* complaint and granted leave to amend. (ECF No. 12.) Gates timely filed a second amended complaint. (ECF No. 14.) The second amended complaint names as Defendants only four Registered Nurses (RNs), all of whom work at the Federal Correctional Institution (FCI) in Memphis, Tennessee: S. Walton, Sheena Bailey, First Name Unknown Booker, and Lacey Barzar. (*Id.* at PageID 247.) The Clerk is DIRECTED to terminate all other Defendants in this action.

In the second amended complaint, Gates alleges that the four RNs "criminally and civilly conspired together as federal employees to 'neglect' and 'mistreat' Gates medical care and needs." (*Id.* at PageID 248.) Gates reiterates the medical problem he experienced with his sciatic nerve "flaring up" and the blood clot that allegedly developed as a result of

his improper treatment. (*Id.*) He alleges that Defendant Walton improperly inserted a needle into his left bicep but was unable to inject the contents into Gates's arm. (*Id.* at PageID 248-49.) Gates alleges that "Walton was digging negligently in my arm" with the needle, causing him "extreme pain," when the contents of the syringe "burst out from between my arm and the IV syringe, and all over my arm and the examination room." (*Id.* at PageID 249.) Gates alleges that he still experiences "severe pain and numbness throughout my left arm." (*Id.*)

Gates further alleges that he repeatedly informed Defendants Bailey and Booker about the pain in his leg from the blood clot and that he could barely walk. (*Id.*) The two RNs allegedly "neglected to process my Medical Request forms," so Gates was never seen for "the blood clots that were in my leg which was causing me extreme pain and suffering." (*Id.*) Defendant Barzar allegedly told Gates that he could not receive care at FCI Memphis because he was not yet a federal inmate. (*Id.* at PageID 250.) Gates alleges his condition "continued to deteriate [sic] and worsen," and his "extreme pain and suffering" remained. (*Id.*)

Gates sues the Defendants in their individual and official capacities. (*Id.* at PageID 247.) He seeks punitive and compensatory damages. (*Id.* at PageID 251.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 12 at PageID 236-38), and will not be reiterated here.

Gates's claims arise under *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971), which allows federal inmates to bring claims only against individual officers for certain

2

constitutional violations. As discussed in the previous order, Gates's official capacity claims are construed as against FCI Memphis and, in turn, against the Federal Bureau of Prisons (BOP). (*Id.* at PageID 238-39.) However, a claim under *Bivens* may not be brought "against the officer's employer, the United States, or the BOP." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Gates therefore fails to state a valid claim against any Defendant in his or her official capacity.

Gates's allegations amount to a claim of deliberate indifference to his medical needs. Gates alleges in this second amended complaint that he was a convicted inmate at the time of the alleged events. (ECF No. 14 at PageID 248.) However, in his original complaint Gates alleged he was a detainee at the time because he was still waiting to be sentenced in federal court when he was transferred to FCI Memphis. (ECF No. 1 at PageID 7, 9.) In his first amended complaint Gates also alleged he was denied medical care at FCI Memphis "due to his being 'pre-trail' [sic]." (ECF No. 8 at PageID 223.) According to the docket in his criminal case, Gates entered a guilty plea in July 2017, which is when he alleges the events in this case occurred. *See United States v. Gates*, No. 2:17-cr-20118-SHL (W.D. Tenn.) (Mins. Guilty Plea Hr'g, ECF No. 19). He was not sentenced until October 16, 2017, and the criminal judgment was entered on that date. *Id.* (Mins. Sent. Hr'g, ECF No. 31; Judgment, ECF No. 32). Gates therefore was a federal pretrial detainee at the time of the alleged events in this case, and the Court reviews his claim of deliberate indifference under the Fourteenth Amendment. (*Id.* at PageID 240-41.)

Gates does not state a claim of deliberate indifference against any Defendant. Defendant Walton's alleged negligence, even incompetence, in administering the shot to

Gates does not amount to a constitutional violation. *See Farmer*, 511 U.S. at 835-36; *Estelle*, 429 U.S. at 106; *Comstock v. McCrary*, 273 F. 3d 693, 703 (6th Cir. 2001) (explaining that a prison doctor who has provided treatment, "albeit carelessly or inefficaciously . . . has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation"). Gates alleges that Defendants Bailey and Booker were aware of his health problems but merely neglected to process his medical request forms. He does not allege that either Defendant "consciously chose to disregard the risks to [his] health" by intentionally refusing him treatment. *Allen v. Hemingway*, 24 F. App'x 346, 348 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 847). Regarding Defendant Barzar, Gates alleges only that she told Gates he could not receive medical care at FCI Memphis. Gates does not allege that Barzar knew of Gates's serious medical conditions and deliberately disregarded a risk to his health.

Gates in passing alleges the Defendants conspired to deny him proper medical treatment. Claims of conspiracy "must be pled with some degree of specificity, and vague and conclusory allegations unsupported by material facts are not sufficient to state a claim." *Hamilton v. City of Romulus*, 409 F. App'x 826, 835-36 (6th Cir. 2010) (citing *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)). Gates's single-sentence allegation does not meet this pleading standard and fails to state a claim.

In conclusion, Gates's second amended complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Gates in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Gates nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Gates is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Gates, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike

shall take effect when judgment is entered.  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

IT IS SO ORDERED.

              s/ **James D. Todd**
             JAMES D. TODD
             UNITED STATES DISTRICT JUDGE